**(120 So. 480)**

**No. 29691.**

**STATE v. HOOD.**

Jan. 28, 1929.

T. T. Land, of Homer, for appellant.

Percy Saint, Atty. Gen., W. D. Goff, Dist. Atty., of Arcadia, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J. The defendant appeals from a conviction and sentence for manslaughter.

The record presents no bill of exception nor assignment of error, and we find no error patent on the face of the record up to and including the verdict. The verdict must therefore be affirmed.

■■ But we think the sentence imposed was illegal. The trial judge imposed, instead of a flat sentence, an indeterminate sentence of not less than four nor more than six months. As the maximum penalty actually imposed did not exceed one year, the trial judge had no authority to impose an indeterminate sentence.

Act No. 222 of 1926, section 1, p. 355, provides that, "whenever any person shall be sentenced to imprisonment at the state penitentiary or at hard labor, otherwise than for life, *or where the maximum penalty does not exceed one year* [except in cases of treason, arson, rape, attempt to commit rape, crimes against nature, incest, burglary, train wrecking, kidnapping, dynamiting, and misuse of trust funds by banks and homestead officials and notaries public], it shall be the duty of the District Judge to sentence such person to an indeterminate sentence, the minimum of such [which] sentence shall not be less than the minimum term of imprisonment fixed by the statute under which the person shall have been convicted, nor more than two-thirds of the maximum sentence imposed, and the maximum not more than the maximum fixed in such statute." (Italics ours.)

We think the expression, "or where the maximum penalty does not exceed one year," refers to the maximum penalty actually imposed, and not to the maximum penalty which might have been imposed (in this case 20 years, Rev. Stat. 1870, § 786).

For the statute meant to deal with sentences actually imposed, not with sentences which might be imposed. This appears from the second section of the act, reading as fol-

lows: "That whenever any district judge imposes any sentence provided for in this act, he shall attach to the judgment carrying out such sentence, a short statement, * * * of the character of the person sentenced, in all cases where the minimum sentence is one year or more." This clearly refers only to the sentence actually imposed, and shows that the legislator had in mind sentences actually imposed and not sentences which merely might be imposed.

In other words, where the maximum sentence actually imposed is one year or less, the statute does not apply and the sentence must be flat and not indeterminate.

#### Decree.

The verdict herein is therefore affirmed; but the sentence imposed is set aside, and the case is now remanded for sentence in due course and according to law.